T.C. Summary Opinion 2012-34

UNITED STATES TAX COURT

DONNY L. MCGUIRE AND TAMMY D. MCGUIRE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 31172-09S.                    Filed April 17, 2012.

Donny L. McGuire, pro se.

Elizabeth Downs and Britton G. Wilson, for respondent.

SUMMARY OPINION

COHEN, Judge:  This case was heard pursuant to the provisions of section
7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant
to section 7463(b), the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other case.  Unless

otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $7,500 with respect to petitioners' 2008 jointly filed Federal income tax return. The issue for decision is whether petitioners are entitled to the first-time homebuyer credit under section 36.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time their petition was filed, petitioners resided in Oklahoma in a principal residence with an Arkansas mailing address.

On March 20, 2008, petitioners entered into a lease purchase agreement with the Housing Authority of the Cherokee Nation for a home on the Arkansas-Oklahoma border to be used as their principal residence. The lease purchase agreement set forth: (1) the purchase price of the property and (2) the requirements that petitioners pay the property taxes and insurance and maintain the property according to outlined terms.

Petitioners claimed a first-time homebuyer credit (FTHC) of $7,500 on their 2008 income tax return and subsequently received a refund of $10,417. After

petitioners received their tax refund, respondent determined that petitioners were not eligible for the FTHC.

## Discussion

Section 36(a) provides a refundable tax credit to the first-time homebuyer of a principal residence in the United States. For the year in issue, the amount of the tax credit was equal to 10% of the purchase price of the residence, not to exceed $7,500, and was effective only for purchases made on or after April 9, 2008, and before July 1, 2009. Sec. 36(b)(1)(A), (h). Although referred to as a "credit", the FTHC is essentially a governmental, non-interest-bearing loan because the taxpayer generally must repay the credit over a 15-year period. Sec. 36(f).

The parties do not dispute that, under the applicable law and facts of this case, the lease purchase agreement qualifies as the purchase of a residence and petitioners qualify as first-time homebuyers.

Respondent's only contention is that petitioners are not entitled to the FTHC they claimed because the purchase of their principal residence took place before the effective date of the credit. See sec. 36(h). The lease purchase agreement was dated March 20, 2008, nearly three weeks before the FTHC became effective.

We conclude that petitioners are not entitled to the FTHC that was claimed on their 2008 tax return.   To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.